## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT LEWIS JR.**, *on behalf of himself and others similarly situated*,

Plaintiff,

v.

**EXCELLENCE FORWARD LLC**,

Defendant.

**Civil Action No. 1:25-cv-3927-SDG**

## EXCELLENCE FORWARD LLC'S
## MOTION TO CONFIRM DEADLINE TO RESPOND AND
## INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendant Excellence Forward LLC ("Excellence Forward") moves for an order confirming that its response to Plaintiff's Class Action Complaint ("Complaint"), ECF No. 1, is not due until 14 days after a ruling on its Motion to Stay and to Compel Arbitration ("Motion to Arbitrate"), ECF No. 12.

## I.    MEMORANDUM OF LAW

Excellence Forward has filed its Motion to Arbitrate, in which it seeks to compel Plaintiff's claims to arbitration and stay this case until arbitration has concluded. Courts in the Eleventh Circuit treat motions to compel arbitration as Rule 12(b)(1) motions. *See Hunter v. Glob. Abbeville, LLC*, CIVIL ACTION FILE NO. 1:23-CV-3521-TWT, 2024 U.S. Dist. LEXIS 95716, at *7 (N.D. Ga. Jan. 24,

2024) ("District courts in the Eleventh Circuit have treated motions to compel arbitration as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).") (collecting cases); *Green v. Refundo, Inc. & Refundo, LLC*, CIVIL ACTION FILE NO. 1:22-cv-02633-WMR, 2023 U.S. Dist. LEXIS 180294, at *4 (N.D. Ga. Feb. 13, 2023) ("The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter consideration.") (citation omitted).

The majority of courts, and the majority of judges in this district, have correctly concluded that the effect of any Rule 12 motion is that a further responsive pleading is not due until 14 days after a ruling on the motion. *See, e.g.*, *Dotson v. DISH Network, L.L.C.*, No. 2:19-CV-21, 2019 U.S. Dist. LEXIS 128176, at *9 (S.D. Ga. July 31, 2019) ("[T]he majority of courts considering this issue have held that a party need not file an answer to a complaint while a partial motion to dismiss is pending.") (collecting cases); *Schell v. Amendia, Inc.*, Case No. 1:17-cv-02761, 2018 U.S. Dist. LEXIS 244200, at *2 (N.D. Ga. Feb. 23, 2018) ("The Court finds that under these circumstances, where a single defendant has filed a Rule 12(b)(6) motion to dismiss a subset of claims in the complaint, Defendant is not required to answer until fourteen days after notice of the Court's action on the Rule 12(b)(6) motion." (citing *Cuyler v. Kroger Co.*, CIVIL ACTION FILE NO. 1:14-CV-1287-WBH-AJB, 2014 U.S. Dist. LEXIS 190234, at *15 (N.D. Ga. Oct.

3, 2014))); *Cuyler*, 2014 U.S. Dist. LEXIS 190234, at *15 ("Moreover, because a partial motion to dismiss has been pending in this matter, it has been unnecessary for Defendant to answer the unchallenged claims." (citing *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006))), *report and recommendation approved*, 2015 U.S. Dist. LEXIS 181936 (N.D. Ga. Jan. 8, 2015).

Because a few judges in this district have followed the contrary minority approach, in an abundance of caution, Excellence Forward moves for an order confirming that its response to the Complaint is not due until 14 days after a ruling on its Motion to Arbitrate. Indeed, the minority approach has been criticized as it "would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2019).

## II.    CONCLUSION

For the foregoing reasons, Excellence Forward respectfully requests that the Court enter an order confirming that its response to Plaintiff' Complaint is not due until 14 days after a ruling on Excellence Forward's Motion to Arbitrate.

Dated: September 10, 2025       Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By:    */s/Benjamin I. Fink*

Benjamin I. Fink
Georgia Bar No. 261090
3475 Piedmont Road, N.E., Suite 1640
Atlanta, Georgia 30305
(404) 261-7711
bfink@bfvlaw.com
*Counsel for Defendant*
*Excellence Forward LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this September 10, 2025, a copy of the foregoing

document was served via this Court's Electronic Case Filing (ECF) system upon:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

Valerie Lorraine Chinn
Chinn Law Firm, LLC
245 N. Highland Ave., Suite 230 #7
Atlanta, GA 30307
Email: vchinn@chinnlawfirm.com

*Counsel for Plaintiff*

                     By:    */s/Benjamin I. Fink*
                     Benjamin I. Fink
                     Georgia Bar No. 261090